**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

HOKTEMBER SRAPYAN,

Petitioner,

v.

DAVID J. VENTURELLA. Acting Director, U.S. Immigration and Customs Enforcement;
MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, U.S. Attorney General; and
DOE 1, Adelanto ICE Processing Center,

Respondents.

Case No. 5:26-cv-04849-JWH-PD

**ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF No. 2]**

Before the Court is the *ex parte* Application of Petitioner Hoktember Srapyan for a Temporary Restraining Order (a "TRO") to enjoin Respondents David J. Venturella, Marcos Charles, Markwayne Mullin, Todd Blanche, and Doe 1[1] from continuing to detain him, allegedly in violation of his Due Process rights.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in response,[3] the Court **GRANTS** Srapyan's Application, for the reasons set forth below.

## I. BACKGROUND

### A. Factual Allegations

On June 26, 2019, Srapyan was paroled into the United States and was issued a Notice to Appear.[4] Srapyan subsequently filed an application for asylum and withholding of removal, and an Immigration Judge dismissed Srapyan's Notice to Appear.[5]

On August 11, 2026, Immigration and Customs Enforcement ("ICE") apprehended Srapyan in Burbank, California, following Srapyan's arrest for possession of a controlled substance and drug paraphernalia in violation of

---

1 Pet. for Writ of Habeas Corpus (the "Petition") [ECF No. 1]. Srapyan has identified Doe 1 as the Warden of Adelanto ICE Processing Center. *See id.* at ¶ 8(e).

2 Pl.-Pet.'s *Ex Parte* Appl. for TRO (the "Application") [ECF No. 2]

3 The Court considered the documents of record in this action, including the following papers: (1) Petition; (2) Application; (3) Resps.-Defs.' Response to the Application (the "Response") [ECF No. 10]; (4) Pl.-Pet.'s Reply to the Application (the "Reply") [ECF No. 11].

4 Petition, Ex. 1 [ECF No. 1-1]; Petition ¶ 14.

5 Petition ¶¶ 15 & 16; Response, Ex. 1 ("Exhibit 1 of Response") [ECF No. 10-1].

Cal. Health & Safety Code §§ 11350(a) and 11364(a).[6] ICE served Srapyan with a Notice to Appear that same day.[7] Srapyan is currently detained at the Adelanto ICE Processing Center.[8]

Srapyan's family lost contact with him on August 19, 2026.[9] Srapyan's counsel attempted several times to contact ICE, and counsel eventually learned that Srapyan was hospitalized.[10] Srapyan told his counsel that he suffered a "possible stroke" and that he was transferred back to a detention facility after spending one night in the hospital.[11] Srapyan now asserts that he needs "prompt and appropriate surgical evaluation and treatment."[12] Srapyan also alleges that the detention facility refuses to provide his counsel with timely and accurate information regarding his health status.[13]

**B. Procedural History**

On August 31, 2026, Srapyan filed both the instant Petition and the instant Application for a TRO. In his Application, Srapyan seeks the following relief:

- release from detention immediately on reasonable conditions of supervision pending adjudication of the habeas petition; or
- reasonable telephone access to counsel and family within 24 hours of the Court's order; or

---

6 Exhibit 1 of Response; Petition, Ex. 2 [ECF No. 1-2].

7 Exhibit 1 of Response.

8 Application 2:7-13.

9 Petition ¶ 23.

10 *Id.*

11 *Id.*

12 *Id.*

13 *Id.* at ¶ 25.

- a comprehensive medical evaluation by a licensed physician; or
- an individualized bond hearing before a neutral immigration judge.[14]

## II. LEGAL STANDARD

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted). An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2).

A party seeking a TRO or a preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). When the nonmoving party is a governmental entity, the last two *Winter* factors "merge." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. Pro. 65(a)(1).

## III. ANALYSIS

Here, all parties are on notice, and Respondents have been given the opportunity to respond in writing to Srapyan's Application. Accordingly, the

---

14 Application 15:14-16:16.

Court treats Srapyan's Application as an application for a preliminary injunction and **GRANTS** it for the reasons explained below.

Srapyan argues that Respondents violated his procedural Due Process rights by detaining him without providing any pre-detention process. The Court concludes that Srapyan satisfies the *Winter* factors with respect to his Due Process argument and, therefore, that the issuance of a preliminary injunction is appropriate.[15]

**A. Likelihood of Success on the Merits**

Due Process rights extend to noncitizens present in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (citation modified)). When the Government deprives an individual of an interest protected by the Due Process Clause, the court must ask "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property, particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted). When determining what procedures are required by Due Process, a court applies the three-part *Mathews* test, which involves an analysis of the following: (1) "the private interest" at stake; (2) "the risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

---

[15] *See generally id.*

**1. Liberty Interest**

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. "[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [h]e has a protected liberty interest in remaining out of custody." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Therefore, the Government's decision to parole Srapyan provided him with a "liberty interest in remaining out of custody." *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019).

**2. Private Interest at Stake**

When determining the private interest at stake, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015). Here, the degree of potential deprivation is high because Srapyan has been completely deprived of physical liberty. *See Pinchi*, 792 F. Supp. 3d at 1033; *Ortega*, 415 F. Supp. 3d at 970. Because the degree of potential deprivation is high, this factor favors Srapyan.

**3. Risk of Erroneous Deprivation**

"[T]he risk of an erroneous deprivation [of liberty] is high" when a petitioner "has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). "Due Process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)). Here, Respondents took Srapyan into immigration custody without notice or warning. Without an initial justification for detention, the risk of erroneous deprivation is high. Therefore, this factor favors Srapyan.

#### 4. The Government's Interest

To determine the Government's interest, the court must look at the function involved and the fiscal and administrative burdens imposed by the additional procedures. Here, "the government has articulated no legitimate interest that would support arresting [Srapyan] without a pre-detention hearing." *Pinchi*, 792 F. Supp. 3d at 1036. Additionally, the Court finds that the Government would incur minimal additional costs in providing Srapyan with notice and a pre-deprivation hearing. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Accordingly, this factor favors Srapyan.

The Court, having found that all of the *Mathews* factors favor Srapyan, concludes that procedural Due Process requires a pre-deprivation notice of the reasons for detention and a prompt hearing before a neutral arbiter. The Government concedes that Srapyan is detained pursuant to 8 U.S.C. § 1226 and that he is therefore entitled to a bond hearing pending removal.[16] *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026). If Respondents elect to re-detain Srapyan with the required pre-deprivation due process, the bond hearing requirement set forth in 8 U.S.C. § 1226(a) applies, and Respondents must provide him with a bond hearing at the outset of that detention.

Accordingly, because Respondents denied Srapyan constitutionally required pre-deprivation due process, the Court concludes that Srapyan is likely to succeed on the merits of his procedural Due Process claims.

### B. Irreparable Harm

Srapyan has been detained without the procedures or notice required by the Due Process Clause of the Constitution. Thus, he has been deprived of process in a manner that likely violates his constitutional rights. "It is well established that the deprivation of constitutional rights 'unquestionably

---

[16] Response 2:10-14.

constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). The Court finds that Srapyan would be immediately and irreparably harmed by the continued deprivation of his liberty without constitutionally mandated due process. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding that irreparable harm was likely to result from the Government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding that irreparable harm was likely to result from the Government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

**C. Balance of Equities and Public Interest**

Because Srapyan challenges actions and a policy that are likely in violation of his constitutional rights, both the equities and the public interest favor the issuance of a temporary restraining order. *See Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue."). Furthermore, "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020). Accordingly, the Court concludes that both factors weigh in favor of Srapyan.

Thus, because the *Winter* factors all weigh in Srapyan's favor, the Court **GRANTS** Srapyan's Application.[17]

---

[17] Respondents argue that Srapyan must exhaust his administrative remedies by seeking release from the Immigration Court. However, exhaustion is not required here because "[a]n administrative record is not necessary to resolve the due process questions presented by Petitioner," and, even if exhaustion were required, waiver of the exhaustion requirement "would be appropriate here to avoid further irreparable harm to Petitioner and further

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Srapyan's instant Application [ECF No. 2] is **GRANTED**.

2. Respondents are **PRELIMINARILY ENJOINED** from continuing to detain Srapyan. Respondents are **DIRECTED** to release Srapyan **FORTHWITH** under the terms and conditions of his existing release, as if Srapyan had not been detained. This Order does not provide Srapyan with blanket immunity from future detention—that relief is likely beyond the Court's jurisdiction—but any future enforcement actions after release must comply with Due Process requirements.

3. Pursuant to General Order No. 05-07, further proceedings on the merits of Srapyan's Petition are **REFERRED** to the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

Dated: September 3, 2026

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

delay in vindicating his constitutional rights." *Victor B.P. v. Warden*, 2026 WL 1493987, at *2 (E.D. Cal. May 27, 2026) (citations omitted).